# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| MARIA DAPHNE WIGGINS WELCH, | ) ) ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | CV416-271 |
| SUE MICKENS, | ) ) ) | |
| Respondent. | ) | |

## ORDER

Petitioner Maria Daphne Wiggins Welch moves the Court to provide her with "copies of all documents electronically transferred back to Superior Court Chatham County -- Savannah Georgia up to and including any and all certified copies of any and all docket sheets with motion and pleadings also showing the Judges assigned [sic]." Doc. 12 at 1. She also "notif[ies]" the undersigned that she is "missing" filed documents, and requests copies of those documents. *Id.*

As the Court explained in its previous order, doc. 11, this case *has not* been transferred to the Superior Court of Chatham County. The docket entries concerning the transfer of documents, entered on October

5 and 18, 2016, refer to documents transferred to *this Court*, *i.e.* the United States District Court for the Southern District of Georgia, Savannah Division. No documents have been transferred, electronically or otherwise, by the United States District Court for the Middle District of Georgia, where Welch originally filed her petition, or by this Court to the Superior Court of Chatham County. Accordingly, Welch's motion to provide her with all the documents transferred to the Superior Court of Chatham County is **DENIED** as moot.

Welch also states that she is "missing" documents that appear on the docket. However, several of the documents she is "missing" are her own filings. *See* doc. 12 at 1 (stating that she is missing doc. 1, her original petition, doc. 2, her motion for leave to proceed *in forma pauperis*, and doc. 8, her letter sent to the United States District Court for the Middle District of Georgia, postmarked October 17, 2016). The Court will not be responsible for Welch's retention of copies of her own filings. And, as noted below, she is responsible for making copies of her filings before filing the originals; there is no free copy service here.

Petitioner's request for copies of Documents 9 and 10 is more problematic. The documents themselves are not problematic at all --

they are notices of the appearance of Mr. Rea and Ms. Smith on behalf of the respondent, and they include certificates of service that show that copies were mailed to Welch on October 28, 2016. Doc. 9 at 3; doc. 10 at 3. But Welch's request for those documents *is* problematic because she certified that she was missing those documents on October 11, 2016 -- 17 days *before* they were filed. Doc. 12 at 2. That is improper. Although the Court acknowledges Welch's *pro se* status, it reminds her that, when she files documents with the Court, she represents that the factual bases of those filings are true. *See* F. R. Civ. P. 11; *Harris v. Heinrich*, 919 F.2d 1515, 1516 (11th Cir. 1990). This Court will not tolerate *any* misrepresentations.

Welch's motion for copies of previously docketed filings is **DENIED**. No provision of 28 U.S.C. § 1915 "authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." *Tabron v. Grace*, 6 F.3d 147, 158-59 (3d Cir. 1993); *see also Wanninger v. Davenport*, 697 F.2d 992, 994 (11th Cir. 1983) ("A prisoner's right of access to the court does not include the right of free unlimited access to a photocopying machine . . . ." (quotes and cite omitted)). Should Welch require additional copies of

any docketed item, she may obtain them from the Clerk of Court at the standard cost of fifty cents per page, if not download direct from PACER. The Clerk, however, is **DIRECTED** to forward a copy of the docket sheet to Welch when serving this Order.

**SO ORDERED**, this 18th day of November, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA