# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

MARIA DAPHNE WIGGINS    )
WELCH, CDC # 1001264711, )
                        )
    Petitioner,    )
                        )
v.                      )    CV416-271
                        )
SUE MICKENS, Warden,    )
                        )
    Respondent.    )

## REPORT AND RECOMMENDATION

Maria Daphne Wiggins Welch's 28 U.S.C. § 2254 petition (doc. 1) seeks relief from her jury-trial "convictions for elder cruelty and elder exploitation." Doc. 20-6 at 2 (state appellate opinion affirming her conviction). Welch[1] fought those charges at trial, through an

---

[1] Her name varies throughout the record. The State calls her "Maria Daphne Wiggins Welch." *See, e.g.*, doc. 14-1 at 1. Yet, on June 9, 2016, the Georgia Court of Appeals referenced her as "Maria Wiggins." Doc. 20-6 at 1. That's also how the Georgia Department of Corrections website identifies her (using a different "GDC" number -- 1001264711 -- than what the State uses here, *see* doc. 14-1 at 1 (GDC # 1288178)). In her latest filing, petitioner's caption says: "Maria Daphne Wiggins Welch 'Busbee' GDC # 1001264711." Doc. 22 at 1.

The Court will presume that the State is using the most accurate version of her name, (doc. 14-1 at 1), and thus will use that here. For that matter, her 1001264711 "GDC" number now twice appears that way, so the Court will conclude that 1001264711 is the accurate number. *See also* doc. 21 at 7 (Welch insists that "GDC

unsuccessful motion for new trial, and on appeal -- where she challenged evidentiary sufficiency and, through new counsel, the effectiveness of her trial counsel. *Id.*; *see also* doc. 20-3 (new trial hearing); doc. 20-4 at 4 (appeal brief).

Having lost at each of those steps, Welch failed to take the next: state habeas relief. Instead, she came here, arguing: (1) ineffective assistance of trial counsel (his failure to present helpful evidence, etc.); (2) specific defects in the evidence used against her; and (3) trial-evidence tampering.[2] Doc. 1. The State says she never raised these issues at trial

---

# 1288178 was false"); *id.* at 10 ("Proven false inaccessible GDC numbers information used to deny and convict"). Accordingly, it has amended caption to reflect that fact. The Clerk is **DIRECTED** to amend the docket caption accordingly, and all subsequent filings shall so conform.

[2] Welch is proceeding *pro se*, so the Court construes her pleadings liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."); *Drayton v. Sec'y for Dep't of Corr.*, 249 F. App'x 813, 815 (11th Cir. 2007) (*pro se* habeas petitioner adequately raised constitutional claim that was referred to only in supporting memorandum and not in petition itself). But her presentation at best is a fusion of "Yoda-speak" and verbal rope-a-dope. Here (in raw, unedited form) is an example:

> Motion Relitigation on ineffective assistance of counsel to be allowed. Petitioner is calling the State Courts attention to ineffective assistance appointed by courts to be examine crucial aspect of counsel's representation. Relitigate the constitutional right under claim laws federal and state courts. Proven in court trial transcript courts appointed Suggestio falsi representation used to mislead defendants. Motion Obstruction of process for interference manifest injustice violation to defendants constitution rights to due process laws and rules violation.

or on appeal, so they are procedurally defaulted. Doc. 14-1 at 3. Nor can she rely on ineffective assistance of counsel (as cause to overcome that default), because the state provided her a remedy to air that claim (state habeas corpus) but she bypassed it. Hence, it concludes, her claims are procedurally defaulted and barred from federal review here. *Id.* at 3-5 (citing, *inter alia*, *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998)).

---

Doc. 22 at 3. Her filings evince an apparent effort to retry her case on paper, pausing here and there to characterize (nonsensically at that) the evidence in her favor. *E.g.*:

> <u>JTP 770 #12-25 Exhibit 52 Proven False</u>
> Officer Oneal forced Brittany Nesmith to come and get C. Thomas puppys 7-201 "on tape recording and eyewitness fact on Brittany NeSmith, Michael NeSmith, Wiggins Welch new address on "07" July 201 living at 5 Del-A-Rae Circle Guyton Georgia. Fact on furniture still at 1614 Dean Forest Rd Savannah Georgia.

Doc. 21 at 4 (unedited).

Jabber-babble, of course, negates the very clarity that the law mandates for every stage of a habeas case -- especially before the state courts: "[T]o exhaust state remedies, petitioners must do more than present 'the state courts only with the facts necessary to state a claim for relief' and must additionally *articulate* the constitutional theory serving as the basis for relief." *Zeigler v. Crosby*, 345 F.3d 1300, 1307 (11th Cir. 2003) (quoting *Henry v. Dep't of Corr.*, 197 F.3d 1361, 1366 (11th Cir. 1999)). The *Zeigler* court held that the habeas petitioner failed to "fairly present" his juror misconduct claims to the state courts. *Id.*, 345 F.3d at 1307. Zeigler's state appeal brief presented "[c]ursory and conclusional sentences (unaccompanied by citations to federal law) . . . [and] did not present to the Florida courts the federal claim asserted to us." *Id.* at 1312 n. 5.

3

# I. ANALYSIS

## A. Procedural Default

Before seeking § 2254 relief here, petitioners must "fairly present" their claims to state courts to give them a "full and fair opportunity to resolve federal constitutional claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Brown v. McLaughlin*, 2016 WL 8229213 at * 3 (N.D. Ga. July 18, 2016); *supra* n. 2. Georgia enforces its default doctrines against those who do not. Each failure triggers a cascading consequence:

> Under Georgia law, a ground for relief that is not raised on direct appeal cannot be asserted later in state court unless the petitioner shows cause and prejudice for the failure to raise the issue on direct appeal. *Head v. Ferrell*, 274 Ga. 399, 401 (2001); *Gaither v. Gibby*, 267 Ga. 96, 97 (1996) ("[A]ny issue that could have been raised [on direct] appeal but was not, is procedurally barred from consideration in [state] habeas corpus proceedings absent a showing of adequate cause for the failure to raise it earlier and a showing of actual prejudice." (citation omitted)). And a ground for relief not raised in a state habeas cannot be presented in another state habeas petition unless the Constitution requires otherwise or a judge finds that the ground could not reasonably have been raised in the first habeas. O.C.G.A. § 9-14-51.

*Brown*, 2016 WL 8229213 at *3.[3]

---

[3] "An ineffective assistance of appellate counsel claim may, 'if both exhausted and not procedurally defaulted . . . constitute cause' to excuse procedural default. *Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010)." *Butts v. Warden, Ga. Diagnostic and Classification Prison*, 2015 WL 6126830 at * 6 (M.D. Ga. Oct. 16, 2015); *Johnson v. Taylor*, 2016 WL 1055926 at * 3 n. 7 (S.D. Ga. Mar. 10, 2016). Welch has failed to show that here.

4

State-side defaults, in turn, bleed into federal. So "if the petitioner simply never raised a claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural default, the federal court may foreclose the petitioner's filing in state court; the exhaustion requirement and procedural default principles combine to mandate dismissal." *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999)); *see also Mize v. Hall*, 532 F.3d 1184, 1190 (11th Cir. 2008) ("A claim is procedurally defaulted if it has not been exhausted in state court and would now be barred under state procedural rules."); *Johnson*, 2016 WL 1055926 at * 3 (upholding State's "second wave" default as illuminated in *Pope v. Rich*, 358 F.3d 852, 853 (11th Cir. 2004) (petitioner was procedurally barred from raising ineffective assistance of appellate counsel claims in his § 2254 petition, even though he raised it in his unsuccessful state habeas petition, because he failed to apply for a certificate of probable cause to appeal (CPC) that denial to Georgia Supreme Court; even though a CPC grant is discretionary, such review was hardly an extraordinary remedy that prisoner could not be expected to undertake to exhaust his state law remedies)). Here, Welch dropped the ball even before the missed, state

5

habeas hoop illuminated in *Johnson* and *Pope*: She bypassed the state habeas phase outright.

To determine whether a claim is procedurally barred from the face of the record, federal courts ask whether it is clear from state law that any future attempts at exhaustion would be futile. *See Bailey*, 172 F.3d at 1305; *Johnson v. Hall*, 2017 WL 1097208 at * 6 (S.D. Ga. Feb. 16, 2017). The record here shows that. Note that a defendant is not required to exploit state habeas remedies, but skipping them comes at a price: Welch has now lost her chance to show cause to overcome procedural default by way of an ineffective assistance of counsel (IAC) claim (*i.e.*, that trial or appellate counsel failed to preserve a claim, thus causing the default) because the state provided a channel for hearing her IAC claim but she bypassed it. *See, e.g., Mize*, 532 F.3d at 1192; *Stephens v. Sect'y, Dept. of Corrections*, 2016 WL 7484888 at *5 (N.D. Fla. Oct. 20, 2016) ("an ineffective assistance of counsel claim must generally be presented to the state courts as an independent claim before it can be used to establish cause for a procedural default.").

Since Welch never raised the instant claims before, they are barred, *Johnson*, 2017 WL 1097208 at * 7. And any attempt to resurrect them

would be barred by the "second wave" (*Pope*) default doctrine. *Johnson*, 2016 WL 1055926 at * 3.

There is one escape hatch:

> The bar to federal habeas review may be lifted if the petitioner demonstrates either (1) cause for the default and actual prejudice from the alleged violation of federal law; or (2) failure to consider the defaulted claim will result in a fundamental miscarriage of justice, *i.e.*, the continued incarceration of someone who is actually innocent. *Coleman* [*v Thompson*, 501 U.S. 722, 750 (1991)]; *Murray v. Carrier*, 477 U.S. 478, 488-89, 495-96 (1986). To establish cause, a petitioner must show "that some objective factor external to the defense impeded . . . efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 488. To establish prejudice, "a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different" had he presented his defaulted claim. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003) (citations omitted). To prevail on a claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial," thereby showing "that it is more likely than not that no reasonable juror would have convicted him" had the new evidence been presented. *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995).

*Brown*, 2016 WL 8229213 at *4.

Welch makes no such "cause" or actual innocence showing here, and in fact any ineffective assistance claim (which ordinarily can be used to show cause) is barred because the state provided a (state habeas) remedy that she bypassed. *See Brown*, 2016 WL 8229213 * 5

7

("Because Petitioner could have raised the grounds listed above in his earlier state court proceedings but did not, he cannot now raise them in the state courts. *See* O.C.G.A. § 9-14-48(d). . . ."); *Murray*, 477 U.S. at 488-89 (an IAC claim is cause for procedural default but it must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default), cited in *Walker v. Davis*, 840 F.2d 834, 839 (11th Cir. 1988). Hence, all of Welch's claims, defaulted under state law, are barred from review here. *See Smith v. Murray*, 477 U.S. 527, 534 (1986) ("a deliberate, tactical decision not to pursue a particular claim is the very antithesis of the kind of circumstance that would warrant excusing a defendant's failure to adhere to a State's legitimate rules for the fair and orderly disposition of its criminal cases."); *Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977); *Johnson*, 2017 WL 1097208 at * 7.

### B. The Merits

Finally, even if Welch's claims were not defaulted, they would fail because she has merely (and nonsensically) "laundry listed" them. It is not the province of this Court to salvage issues from chaotic presentations, much less scour the record for evidentiary support. *See*

*Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) (the habeas pleading "principles of law would mean nothing if district courts were required to mine the record, prospecting for facts that the habeas petitioner overlooked and could have, but did not, bring to the surface in his petition. Making district courts dig through volumes of documents and transcripts would shift the burden of sifting from petitioners to the courts."); *Eubank v. United States*, 2016 WL 750344 at * 2 (S.D. Ga. Feb. 25, 2016).

## II. CONCLUSION

Maria Daphne Wiggins Welch's 28 U.S.C. § 2254 petition should be **DENIED**. The Clerk is **DIRECTED** to amend the caption as directed above. *See supra*, n. 1. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb.9, 2009), the Court discerns no COA-worthy issues to the claims that have been denied here, so no COA should issue if he appeals. 28 U.S.C. § 2253(c)(1). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

Finally, this Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 13th day of April, 2017.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA